(No. 87-CC-0424—)

WILLIAM JAMISON BEY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 5, 1989.*

WILLIAM JAMISON BEY, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (KIMBERLY L. DAHLEN, Assistant Attorney General, of counsel), for Respondent.

Raucci, J.

Claimant is a prisoner in the custody of the Illinois Department of Corrections. In this case Claimant seeks damages from Respondent based on his claim that Respondent is liable for the loss of Claimant's black and white Panasonic television set. Claimant seeks damages in the sum of $77.05.

Claimant's testimony at trial revealed that on March 17, 1986, Claimant owned and was lawfully possessed of his black and white Panasonic television set. On that date Claimant was placed in segregation by Department of Correction guards. In the process of placing Claimant in segregation, all of his personal property and clothing were taken to the personal property room. Thereafter, on March 27, 1986, Claimant "departed" from segregation and went back to the personal property room where he received his television and the rest of his personal property. When Claimant returned to his cell he found that the television set was damaged. Ten days later, Claimant was again taken to segregation, but was not afforded any opportunity to place his personal property in the personal property section. Claimant was released from segregation on July 29, 1986, and when he received his personal property back, the television set was "totally damaged." Claimant's television was not functioning at all. Claimant's damages are alleged to be in the sum of $77.05 which was the purchase price. The television set was two years old.

We do not reach the issue of Claimant's claim for

loss or damage to his personal property in this case for the reason that it does not appear that Claimant exhausted his administrative remedies prior to filing his claim with the Court of Claims. Section 790.60 of the Court of Claims Rules (74 Ill. Adm. Code 790.60) requires that Claimant must, before seeking final determination of his claim before the Court of Claims, exhaust all other remedies whether administrative, legal or equitable. This rule is based on section 25 of the Court of Claims Act (Ill. Rev. Stat. 1987, ch. 37, par. 439.24—5) which imposes an identical obligation on the Claimant.

Claimant testified that he was aware that he had the right to file a grievance with the "Adjustment Committee" at the institutional level. Claimant testified that it was his own choice to speak directly to a chief administrative officer of the prison, which he did. Claimant testified that he did not write a grievance to the Institutional Inquiry Board but that the institution officials were well aware of Claimant's complaint. Claimant testified that in light of the fact that officials of the institution were aware of the problem, and did nothing, the filing of a grievance to institutional authorities would have been fruitless.

Notwithstanding Claimant's belief that a formal grievance to the Institutional Inquiry Board would have been fruitless under the circumstances, this Court can not finally adjudicate a claim until the Claimant has exhausted possible administrative remedies.

It is therefore ordered, adjudged and decreed that the Claimant's claim be denied for the reason that Claimant has sought final adjudication of his claim in this Court without complying with section 790.60 of the Court of Claims Rules (74 Ill. Adm. Code 790.60).